**BRIAN D. SEIBEL, ESQ.,** State Bar No. 62715
SEIBEL & FINTA
1850 Mt. Diablo Boulevard, Suite 650
Walnut Creek, California 94596
Telephone: (925) 947-1600

Attorneys for Defendants ADVANTAGE FINANCIAL, INC.
DEFINED BENEFIT PLAN; ADVANTAGE FINANCIAL, INC.;
And NORMAN JOHN EXLINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA FASTABEND,<br><br>    Plaintiff,<br><br>v.<br><br>ADVANTAGE FINANCIAL, INC.<br>DEFINED BENEFIT PLAN;<br>ADVANTAGE FINANCIAL, INC.;<br>and NORMAN JOHN EXLINE<br><br>    Defendants. | No. C07-5498-BZ<br><br>ANSWER OF ADVANTAGE FINANCIAL, INC. DEFINED BENEFIT PLAN; ADVANTAGE FINANCIAL, INC.; and NORMAN JOHN EXLINE |

Defendants ADVANTAGE FINANCIAL, INC. DEFINED BENEFIT PLAN; ADVANTAGE FINANCIAL, INC.; and NORMAN JOHN EXLINE answer the complaint on file herein as follows:

**ANSWER TO GENERAL ALLEGATIONS**

1. In response to paragraph 1 of the complaint Defendants admit the allegations therein.

2. In response to paragraph 2 of the complaint Defendants admit the allegations therein.

3. In response to paragraph 3 of the complaint Defendants admit the allegations therein.

4. In response to paragraph 4 of the complaint Defendants admit the allegations therein.

1

1    5.   In response to paragraph 5 of the complaint Defendants admit that the Plan Administrator was an administrator with respect to the Plan and within the meaning of 29 U.S.C. Section 1002(16)A)(I) and that the Plan Administrator is a resident and citizen of Contra Costa County, California.  Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

6.   In response to paragraph 6 of the complaint Defendants admit the allegations therein.

## ANSWER TO FIRST CLAIM OF RELIEF

7.   In response to paragraph 7 of the complaint, Defendants incorporate by reference the responses set forth in Paragraphs 1 through 6 of this Answer as though they were fully set forth herein.

8.   In response to paragraph 8 of the complaint, Defendants admit the allegations therein.

9.   In response to paragraph 9 of the complaint, Defendants admit the allegations therein.

10.  In response to paragraph 10 of the complaint, Defendants admit that on December 12, 2005 Plaintiff completed and signed a direct Rollover Form a copy of which is attached to the complaint herein as Exhibit 3.  Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

11.  In response to paragraph 11 of the complaint, Defendants admit the allegations therein.

12.  In response to paragraph 12 of the complaint, Defendants admit the allegations contained therein.

13.  In response to paragraph 13, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

14.  In response to paragraph 14 of the complaint, Defendants deny each and every allegation contained therein.

15. In response to paragraph 15 of the complaint, Defendants deny each and every allegation contained therein.

16. In response to paragraph 16, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each and every allegation contained therein.

17. In response to paragraph 17 of the complaint, Defendants deny each and every allegation contained therein.

18. In response to paragraph 18 of the complaint, Defendants admit that Plaintiff has retained an attorney in San Ramon, California for the purpose of asserting her ERISA claims. Except as so admitted, Defendants deny each and every allegation contained in said paragraph.

## ANSWER TO SECOND CLAIM FOR RELIEF

19. In response to paragraph 19 of the complaint, Defendants incorporate by reference the responses set forth in Paragraphs 1 through 18 of this Answer as though they were fully set forth herein.

20. In response to paragraph 20 of the complaint, Defendants deny each and every allegation contained therein.

## ANSWER TO THIRD CLAIM FOR RELIEF

21. In response to paragraph 21 of the complaint, Defendants Plan Sponsor and Plan Administrator incorporate by reference the responses set forth in Paragraphs 1 through 20 of this Answer as though they were fully set forth herein.

22. In response to paragraph 22 of the complaint, Defendants Plan Sponsor and Plan Administrator admit the allegations contained therein.

23. In response to paragraph 23 of the complaint, Defendants Plan Sponsor and Plan Administrator admit the allegations contained therein.

24. In response to paragraph 24 of the complaint, Defendants Plan Sponsor and Plan Administrator deny each and every allegation contained therein.

25. In response to paragraph 25 of the complaint, Defendants Plan Sponsor and

1  Plan Administrator admit they were obliged to discharge their duties to the Plan as
2  fiduciaries.  Except as so admitted, Defendants deny each and every allegation contained
3  in said paragraph.
4      26.    In response to paragraph 26 of the complaint, Defendants admit that they
5  were deny each and every allegation contained therein.
6      27.    In response to paragraph 27 of the complaint, Defendants Plan Sponsor and
7  Plan Administrator admit they were obliged to discharge their duties to the Plan as
8  fiduciaries.  Except as so admitted, Defendants deny each and every allegation contained
9  in said paragraph.
10      28.    In response to paragraph 28 of the complaint, Defendants Plan Sponsor and
11  Plan Administrator deny each and every allegation contained therein.
12      29.    In response to paragraph 29 of the complaint, Defendants deny each and
13  every allegation contained therein.

### ANSWER TO FOURTH CLAIM FOR RELIEF

15      30.    In response to paragraph 30 of the Defendants Plan Sponsor and Plan
16  Administrator incorporate by reference the responses set forth in Paragraphs 1 through 29
17  of this Answer as though they were fully set forth herein.
18      31.    In response to paragraph 31 of the complaint, Defendants Plan Sponsor and
19  Plan Administrator deny each and every allegation contained therein.
20      32.    In response to paragraph 32 of the complaint, Defendants deny each and
21  every allegation contained therein.
22      33.    In response to paragraph 33 of the complaint, Defendants deny each and
23  every allegation contained therein.
24      34.    In response to paragraph 34 of the complaint, Defendants deny each and
25  every allegation contained therein.

### ANSWER TO FIFTH CLAIM FOR RELIEF

27      35.    In response to paragraph 35 of the Defendants incorporate by reference the
28  responses set forth in Paragraphs 1 through 34 of this Answer as though they were fully

set forth herein.

36. In response to paragraph 36 of the complaint, Defendants Plan Sponsor and Plan Administrator deny each and every allegation contained therein.

37. In response to paragraph 37 of the complaint, Defendants deny each and every allegation contained therein.

38. In response to paragraph 38 of the complaint, Defendants deny each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

The complaint, and each cause of action therein, is barred by the doctrine of laches because Plaintiff unreasonably delayed in bringing this action to the prejudice of these answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

The complaint, and each cause of action therein, is barred and Plaintiff is estopped from obtaining any recovery from these answering Defendants.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed and neglected to use reasonable care to minimize and mitigate the losses, injuries and damages complained of, if any there are.

## FOURTH AFFIRMATIVE DEFENSE

The complaint is barred and fails to state a cause of action against these answering Defendants in that Plaintiff failed to give timely and proper notice.

## FIFTH AFFIRMATIVE DEFENSE

At all times alleged in the complaint, Defendant acted in good faith and had reasonable grounds to believe its conduct was not unlawful, if in fact it was.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff were duly released and waived pursuant to a written Release executed by Plaintiff on or about August 5, 2005.

WHEREFORE, Defendant requests judgment as follows:

1.     That Plaintiff take nothing by reason of the Complaint;

2.     That the Complaint be dismissed with prejudice;

3.     For costs of suit incurred herein;

4.     For reasonable attorney's fees; and

5.     For such other and further relief as the Court may deem just and proper.

Dated: December 31, 2007         SEIBEL & FINTA

                           Brian D. Seibel, Attorneys for Defendants, ADVANTAGE FINANCIAL, INC. DEFINED BENEFIT PLAN; ADVANTAGE FINANCIAL, INC.; and NORMAN JOHN EXLINE

**PROOF OF SERVICE**

I hereby declare under penalty of perjury that I am a citizen of the United States and over the age of eighteen years, that I am not a party to the within action, and that my business address is 1850 Mt. Diablo Blvd., Suite 650, Walnut Creek, California 94596.

On December 31, 2007, I served the following documents
ANSWER OF ADVANTAGE FINANCIAL, INC. DEFINED BENEFIT PLAN; ADVANTAGE FINANCIAL, INC.; and NORMAN JOHN EXLINE

on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Robert R. Pohls, Esq.
Pohls & Associates
12657 Alcosta Boulevard, Suite 150
San Ramon, California 94583
Facsimile No. (925) 973-0330

XX  (By Mail) I deposited such envelope in the mail at Walnut Creek, California. The envelope was mailed with postage thereon fully prepaid.

☐  (By Mail) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Walnut Creek, California, in the ordinary course of business.

☐  (By Certified Mail) I caused such envelope with postage thereon fully prepaid to be placed in the United States Certified mail Return Receipt Requested at Walnut Creek, California.

☐  (By Overnight Delivery) I deposited such envelope in the United Parcel Service depository at Walnut Creek, California. The envelope was sent with delivery charges thereon fully prepaid.

☐  (By Facsimile) I caused each document to be delivered by electronic facsimile to the offices listed above.

XX  (Federal) I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing information contained in the Declaration of Service is true and correct.

Executed on December 31, 2007, at Walnut Creek, California.

_____
BRIAN D. SEIBEL